# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2013

No. 12-41205
Summary Calendar

Lyle W. Cayce
Clerk

DENNIS G. BAILEY; DOUGLAS J. BARTEK; CLINT BENTLEY; DANIEL J. BREITENFELD; BRUCE L. CRAIG; ET AL,

Plaintiffs - Appellees

v.

WILLIAM BILL BUCK; PETROX ENERGY,

Defendants - Appellants

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:09-CV-166

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

After a bench trial, the United States District Court for the Eastern District of Texas entered final judgment in favor of the plaintiffs for fraudulent actions by the defendants in connection with the sale and management of natural gas interests in Leon County, Texas. Defendants appealed, alleging as their principal argument that the district court lacked subject matter

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41205

jurisdiction because the plaintiffs failed to plead with particularity their claim arising under § 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78. Reviewing the district court's findings of fact for clear error and legal issues de novo,[1] we AFFIRM the judgment of the district court.

The district court properly determined that it had subject matter jurisdiction in this case under 28 U.S.C. § 1331 because the suit arose, in substantial part, under § 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10(b)-5. Plaintiffs' federal claim appears on the face a well-pleaded complaint that satisfies the requirements of Federal Rule of Civil Procedure 9(b) and of the Private Securities Litigation Reform Act of 1995. "It is well-settled that, in order to state a claim under section 10(b) of the 1934 Act and Rule 10b-5, a plaintiff must allege, in connection with the purchase or sale of securities, (1) a misstatement or an omission (2) of material fact (3) made with scienter (4) on which plaintiff relied (5) that proximately caused the plaintiffs' injury."[2]

Here, with respect to the § 10(b) claim, the complaint alleges that the plaintiffs' investments were induced by fraud because defendants failed to reveal that they previously had entered into an agreement that effectively prohibited defendants from selling those interests. Additionally, defendants failed to disclose a material judgment entered against them in 2003 that found they breached their contractual, trustee, and fiduciary duties to another investor. The complaint alleges that, had they been aware of these material facts, the plaintiffs would not have invested in the venture and thus suffered harm.

The district court's findings with respect to defendants' liability, moreover, were amply supported by the record, and we find no error therein. We affirm.

---

[1] *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 601 (5th Cir. 2000).

[2] *ABC Arbitrage Grp. v. Tchuruk*, 291 F.3d 336, 348 (5th Cir. 2002) (citations and quotation marks omitted).